1
2
3
4
5
6

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

7   BENJAMIN SPARKS, an individual,                    Case No. 2:20-cv-0661-KJD-VCF

8                                    Plaintiff,          **ORDER**

9          v.

10  CHRISTINA MAMER, an individual; and
    RAMONA GIWARGIS, an individual,
11

12                                   Defendants.

13          Before the Court is defendant Christina Mamer's Emergency Motion to Temporarily Seal

14  and For a Protective Order Regarding Plaintiff's Opposition to Motion Dismiss (ECF No. 11).

15  Mamer also requests a seven-day extension from the issuance of this order to reply to plaintiff

16  Benjamin Sparks's opposition, which was filed May 14, 2020. For the reasons listed below,

17  Mamer's motion is granted.

18          This defamation case arises from the turbulent end of an "unconventional" romantic

19  relationship between Sparks and Mamer. Emergency Mot. 7, ECF No. 11. Sparks claims that

20  Mamer disparaged him to the police and to the Review Journal following the couples' split in

21  2018. His complaint brings three claims against Mamer and Ramona Giwargis, a reporter for the

22  Las Vegas Review Journal: (1) defamation and/or defamation per se; (2) false light; and (3)

23  injunctive relief. See Compl. 6–9, ECF No. 1-2. Mamer removed the case to this Court on April

24  9, 2020. Shortly thereafter, Mamer moved to dismiss the complaint under NRS § 41.660's anti-

25  SLAPP provision (ECF No. 5). For his part, Sparks has moved to remand the case to state court

26  (ECF No. 7) and has timely responded to Mamer's motion to dismiss (ECF No. 10).

27          Sparks's opposition to the motion to dismiss prompted Mamer's current emergency

28  motion to seal. In it, Mamer argues that Sparks's opposition purposely disclosed intimate and

sensitive details about her sexual history to embarrass and harass Mamer. Emergency Mot. at 5. Making matters worse, the sensational facts have been disseminated to Mamer's colleagues in an attempt to injure her reputation as an attorney in the Las Vegas legal community. Id. She asks that the Court temporarily seal Sparks's opposition until the parties can brief the issue in the ordinary course. Given that Mamer's motion is before the Court on an emergency basis, Sparks has not yet had an opportunity to respond to her request to seal.[1]

There is a strong public interest in access to public records and court documents. See Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978). The presumption that judicial documents will remain available to the public promotes the accountability and transparency of government agencies. Id. However, public access to judicial records is "not absolute." Kamakana v. City and Cty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006). Certain documents by their very nature fall outside the public's interest in transparency. Id. (citing Times Mirror Co. v. United States, 872 F.2d 1210, 1219 (9th Cir. 1989) (grand jury transcripts and warrant materials typically remain sealed)). For all other documents, the petitioner only overcomes the presumption of public access if "compelling reasons" for secrecy outweigh the "public interest in understanding the judicial process." Kamakana, 447 F.3d at 1178–79 (internal citations omitted). Typically, there is a "compelling reason" to seal if the challenged document is used for a an improper purpose, such as a party's desire to "gratify private spite, promote public scandal, [or] circulate libelous statements." Nixon, 435 U.S. at 598.

Mamer argues that she has met that standard because Sparks's opposition needlessly published scandalous and sensational accusations about her and vindictively disclosed aspects of her sexual history that are irrelevant to the parties' underlying claims. The question for the Court is whether Mamer's desire to protect the intimate aspects of her sexual history outweigh the public interest in access to judicial documents. The Court finds that it does. As a starting point, common sense suggests that one's sexual propensities and sexual history comprise the most intimate details of a person's life. Doe v. Diocese Corp., 647 A.2d 1067, 1072 (Conn. 1994).

---

[1] However, according to Mamer, the parties did meet and confer on Friday, May 15, and Sparks was made aware that the motion to seal was forthcoming. Decl. of James Whitmore, Emergency Mot. at 3.

1  There is an inherent interest in keeping such details private. Courts recognize that interest in the

2  criminal context by requiring any motion to admit evidence of a victim's sexual history to be

3  filed under seal. <u>See</u> Fed. R. Evid. 412(c); <u>United States v. Valenzuela</u>, No. CR 07-00011(A)-

4  MMM, 2008 WL 2824958 at *4 (C.D. Cal. July 21, 2008). The Court then reviews the motion in

5  camera and gives the victim an opportunity to address the Court in private before admitting the

6  evidence. Fed. R. Evid. 412(c)(2). Oftentimes, the record remains sealed even after the in-camera

7  review. The Court is persuaded that the very nature of the information here supports temporarily

8  sealing Sparks's response.

9  Also supporting Mamer's motion is that she did not elect to bring this suit. She has not

10 published the details of her personal life and sexual history to the record. And the sensitive

11 personal details of Mamer and Sparks's life that she has disclosed, she has disclosed in response

12 to Sparks's claims. Sparks, on the other hand, instituted this suit and has—to an extent—opened

13 the door to the details of his personal life that relate to his claims. Therefore, the Court finds it

14 appropriate to temporarily seal Sparks's response to Mamer's motion to dismiss (ECF No. 10)

15 until it can rule on Mamer's motion in the ordinary course.

16 Accordingly, IT IS HEREBY ORDERED that Mamer's Emergency Motion to

17 Temporarily Seal and For a Protective Order Regarding Plaintiff's Opposition to Motion Dismiss

18 (ECF No. 11) is **GRANTED**.

19 The Clerk's Office is directed to **SEAL** Benjamin Sparks's Response to Motion to

20 Dismiss (ECF No. 10).

21 IT IS FURTHER ORDERED that Sparks shall file a response to Mamer's Emergency

22 Motion to Seal (ECF No. 11) on or before May 29, 2020. Mamer may file her optional reply to

23 Sparks's response on or before June 5, 2020. Sparks's opposition shall remain sealed until the

24 Court has ruled on this motion in the ordinary course.

25 ///

26 ///

27 ///

28 ///

1       IT IS FURTHER ORDERED that the parties shall not publicly disseminate Sparks's

2  opposition (ECF No. 10) while it is sealed.

3       IT IS FUTHER ORDERED that Mamer's request for an extension of time to file her

4  reply to Sparks's response to motion for summary judgment is **GRANTED**. Mamer shall file her

5  reply on or before May 22, 2020.

6  Dated this 15th day of May, 2020.

_____

Kent J. Dawson
United States District Judge

- 4 -