1  JAMES E. WHITMIRE, ESQ.
   Nevada Bar No. 6533
2  jwhitmire@santoronevada.com
   SANTORO WHITMIRE
3  10100 W. Charleston Blvd., Suite 250
   Las Vegas, Nevada 89135
4  Telephone:    702/948-8771
   Facsimile:    702/948-8773
5  *Attorneys for Defendant Christina Mamer*

6  **UNITED STATES DISTRICT COURT**
   **DISTRICT OF NEVADA**

7  BENJAMIN SPARKS, an individual;          Case No.:   2:20-cv-00661

8                 Plaintiffs,               **DEFENDANT CHRISTINA MAMER'S**
                                            **EMERGENCY MOTION TO CAUSE**
9  vs.                                      **SEALING OF PLAINTIFF'S RESPONSE**
                                            **ECF NO. [TBD] TO DEFENDANT**
10 CHRISTINA MAMER, an individual; and      **CHRISTINA MAMER'S EMERGENCY**
   RAMONA GIWARGIS, an individual,          **MOTION [ECF NO. 11] TO SEAL**
11
                  Defendants.
12

13      CHRISTINA MAMER ("Defendant" or "Christina"), by and through her counsel of

14 record, James E. Whitmire, Esq. of the law firm Santoro Whitmire, Ltd., hereby files Defendant

15 Christina Mamer's Emergency Motion (the "Motion") to Cause Sealing of Plaintiff's Response

16 ECF No. [TBD] to Defendant Christina Mamer's Emergency Motion [ECF No. 11] to Seal.

17 *This Emergency Motion is supported by the Declaration of James E. Whitmire attached hereto.*

18      Dated this 29th day of May, 2020.

19                                          SANTORO WHITMIRE

20                                          */s/ James E. Whitmire*
                                            JAMES E. WHITMIRE, ESQ.
21                                          Nevada Bar No. 6533
                                            SANTORO WHITMIRE
22                                          10100 W. Charleston Blvd., Suite 250
                                            Las Vegas, Nevada 89135
23                                          *Attorney for Defendant Christina Mamer*

24

**DECLARATION OF JAMES E. WHITMIRE IN SUPPORT**
**OF EMERGENCY MOTION PURSUANT TO LOCAL RULE 7-4**

I, James E. Whitmire, Esq. declare as follows:

1. I am over the age of eighteen (18) and competent to testify. I am a shareholder of the law firm of Santoro Whitmire and lead counsel on this matter.

2. Pursuant to LR 7-4, Fed. R. Civ. P. 5.2 and the authorities discussed in the Emergency Motion, I submit this Declaration in Support of Christina Mamer's Emergency Motion.

3. On May 14, 2020, Plaintiff Benjamin Sparks filed his Response to Christina Mamer's Motion to Dismiss Pursuant to NRS 41.660. ECF No. 10.

4. That Response has been sealed pending further briefing. ECF No. 12.

5. Plaintiff's Response to the Motion to Seal is due to be filed on May 29, 2020.

6. Defendant Mamer has viewed a draft of the Response to Defendant's Motion to Seal and believes it contains material that is not only untrue but will force Defendant to disclose materials that may further expand privacy concerns in any Reply brief and further papers to be filed in this matter. An example relates to Defendant's alleged communications with Plaintiff's former employer, Red Rock Strategies. Putting aside that Plaintiff's allegations are untrue, to respond, Defendant will necessarily need to supplement the record which will create additional privacy implications.

7. Compelling reasons exist to seal, or at a minimum, redact portions of the record on a temporary basis.

8. No harm will occur should sealing occur at least on a temporary basis to allow the Court to further assess the scope of any sealing, the scope of any protective Orders and related issues.

*9.     Pursuant to LR 7-4(a)(3), the following certification is being provided.  A telephone meet and confer has occurred to the extent practicable to resolve the issues before the Court.  The undersigned conferred with Plaintiff's counsel the afternoon of May 28, 2020.  A draft Response was received on May 29, 2020 at approximately 11:15 a.m.  After review, disputes continue to exist as to the scope of sealing.[1]  A subsequent telephonic conference occurred at approximately 2:30 p.m. on May 29, 2020.  Disputes exist.  Discussions occurred regarding potentially extending deadlines for filing to permit further vetting of issues.  An extensions would likely result in the same impasse.*

*10.     Even if the parties are able to resolve discreet issues, larger sealing issues exist in this case for which additional guidance from the Court will be necessary.  Larger issue involves the future "rules of engagement" as to Defendant's Reply and as to any future filings assuming this case proceeds beyond the Special Motion to Dismiss stage.[2]*

*11.     While this is a defamation action involving four (4) newspaper articles, police reports, and grand jury proceedings, Plaintiff's filings have included information that is either clearly not relevant to his causes of actions or is not permitted under various Federal Rules of Evidence.  A ruling from the Court is necessary so that, inter alia, third parties who could be at risk of imminent and irreparable harm can intervene in this action to protect their rights to privacy and/or business interests, and Defendant can properly respond to Plaintiff's allegations with evidence to refute the same.*

---

[1]   While the areas at issue do not reach the full magnitude of Plaintiff's prior Response [ECF No. 10], issues continue to exist.

[2]   The parties' briefing on the Special Motion to Dismiss is closed.  In addition, briefing is closed on Plaintiff's Motion for Remand.

12. Accordingly, good cause exists to consider this Motion on an emergency basis pursuant to LR 7-4.

13. The following are the office addresses and phone numbers of Christina Mamer and all of the affected parties:

**Christina Mamer**
SANTORO WHITMIRE
James E. Whitmire, Esq.
10100 West Charleston Blvd., Suite 250
Las Vegas, Nevada 89135
P: (702) 948-8771
F: (702) 948-8773
Email: jwhitmire@santoronevada.com

**Benjamin Sparks**
HOFLAND & TOMSHECK
Joshua Tomsheck, Esq.
228 South 4th Street, 1st Floor
Las Vegas, Nevada 89101
P:  (702) 895-6760
F:  (702) 731-6910
Email: josht@hoflandlaw.com

I declare under penalty of perjury under the laws of the state of Nevada that the foregoing is true and correct.

Dated this 29th day of May, 2020

                                */s/  James E. Whitmire*
                                James E. Whitmire, Esq.

## **MEMORANDUM OF POINTS & AUTHORITIES**

Given the hour at which this Emergency Motion is being submitted, the briefing is necessarily short:

1. Defendant incorporates the briefing on the Emergency Motion to Seal filed on May 15, 2010 (ECF No. 11).[3]

2. Scope of sealing issues continue to exist with respect to Plaintiff's draft Response to the Motion to Seal as well as future filings.

3. Given how this matter is progressing, it is impractical to have serial emergency motions for filings (both out of respect to the Court and as practitioners).

4. There is no harm in maintaining the status quo by having any filings made in this matter under seal pending rulings by the Court after full briefing.

---

[3] Although the Ninth Circuit has stated that there is a strong presumption of public access to judicial records, "access to judicial records is not absolute." Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006). "The Ninth Circuit has indicated that compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." Florence v. Cenlar Fed. S&L, No. 2:16-CV-00587-GMN-NJK, 2017 U.S. Dist. LEXIS 40489, at *4 (D. Nev. Mar. 20, 2017).

Sealing is appropriate here. It cannot be disputed that Christina has a compelling interest in precluding the public from knowing about her sexual history and private life in general. Christina has legitimate reasons to claim that Plaintiff's filings are a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, etc. Critically important, it must be remembered that this case was brought by Plaintiff based on allegations that Christina defamed him in statements to police, grand jury, District Attorney, and news outlets. While this Complaint should never have been brought in the first place under applicable anti-SLAPP decisions and NRS 41.660, this Court should not allow Plaintiff to turn this litigation into a mud-slinging fest when Christina did not file this suit and was rather dragged into court improperly. The instant matter is akin to Christina being dragged into the criminal proceedings because Plaintiff called 9-1-1 to falsely report Christina was hand taken a handful of pills because he feared she would call the police and report the crimes he had just committed against her.

5. It is becoming increasingly clear that legitimate scope of sealing issues exist in this case, which involves person's sexual histories and which may implicate third-parties. Plaintiff clearly seeks no sealing. Defendant, who did not bring the suit, is legitimately concerned with having her sexual history divulged to the public. Third-party interests are at issue as well.

6. Legitimate issues also exist as to "un-ringing" the figurative bell and/or how to respond to allegations made in this matter. In other words, irreparable harm issues exist.

7. While issues will be further discussed in Defendant's Optional Reply to Plaintiff's Response to the Motion to Seal, this short Motion is being presented for interim relief.

In sum, Defendant Mamer is seeking a sealing Order, at least on a temporary basis, to allow the Court to further assess the disputed issues regarding sealing. For the reasons stated herein, Plaintiff's Response to the original motion to seal should be temporarily sealed pending further briefing on these matters.

Dated this 29th day of May, 2020.

SANTORO WHITMIRE

*/s/ James E. Whitmire*
JAMES E. WHITMIRE, ESQ.
Nevada Bar No. 6533
SANTORO WHITMIRE
10100 W. Charleston Blvd., Suite 250
Las Vegas, Nevada 89135
*Attorney for Defendant Christina Mamer*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of May, 2020, I electronically filed the foregoing: **DEFENDANT CHRISTINA MAMER'S EMERGENCY MOTION TO CAUSE SEALING OF PLAINTIFF'S RESPONSE ECF NO. [TBD] TO DEFENDANT CHRISTINA MAMER'S EMERGENCY MOTION [ECF NO. 11] TO SEAL**, with the clerk of the Court, and served the following parties using the CM/ECF System:

> Joshua Tomsheck, Esq.
> HOFLAND & TOMSHECK
> 228 South 4th Street, 1st Floor
> Las Vegas, Nevada 89101
> JoshT@hoflandlaw.com
>
> *Attorneys for Plaintiff*

                                          */s/ James E. Whitmire*
                                          An employee of Santoro Whitmire