JAMES E. WHITMIRE, ESQ.
Nevada Bar No. 6533
jwhitmire@santoronevada.com
SANTORO WHITMIRE
10100 W. Charleston Blvd., Suite 250
Las Vegas, Nevada 89135
Telephone:  702/948-8771
Facsimile:  702/948-8773
*Attorneys for Defendant Christina Mamer*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BENJAMIN SPARKS, an individual;<br><br>Plaintiffs,<br>vs.<br><br>CHRISTINA MAMER, an individual; and RAMONA GIWARGIS, an individual,<br><br>Defendants. | Case No.:   2:20-cv-00661<br><br>**DEFENDANT CHRISTINA MAMER'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO TIMELY SERVE PROCESS** |

CHRISTINA MAMER ("Defendant" or "Christina"), by and through her counsel of record, James E. Whitmire, Esq. of the law firm Santoro Whitmire, Ltd., hereby files Defendant Christina Mamer's Motion to Dismiss Plaintiff's Complaint for Failure to Timely Serve Process (the "Motion").

Dated this 22st day of July, 2020.

SANTORO WHITMIRE

*/s/ James E. Whitmire*
JAMES E. WHITMIRE, ESQ.
Nevada Bar No. 6533
SANTORO WHITMIRE
10100 W. Charleston Blvd., Suite 250
Las Vegas, Nevada 89135
*Attorney for Defendant Christina Mamer*

## MEMORANDUM OF POINTS & AUTHORITIES

### INTRODUCTION

This Motion to Dismiss should be granted as Plaintiff Benjamin Sparks ("Plaintiff") has failed to timely service Christina with process. Plaintiff filed his Complaint in the Eighth Judicial District Court on March 27, 2020. Christina removed this matter to federal district court on April 9, 2020. As such, pursuant to Fed. R. Civ. P. 4(m), Plaintiff had until July 8, 2020 to serve Christina and Defendant Giwargis. Christina was not served by the deadline. In fact, Plaintiff did not even have a summons issued for Christina until July 21, 2020 (ECF No. 20), which was after the deadline to effectuate service under Fed. R. Civ. P. 4(m).[1] Accordingly, the Motion should be granted.[2]

As outlined in various pleadings before this Court, Plaintiff's filing of the Complaint in this matter was never about Plaintiff actually adjudicating this matter on the merits. Instead, Plaintiff's intention from day 1 was to file a blockbuster Complaint and then disseminate it throughout the legal community, under the mistaken belief that the litigation privilege attached, as a way to punish Christina for escaping an abusive relationship. This is most evident by the fact that Plaintiff touted that he had never even tried to serve Christina as a basis to try to remand this matter to state court.[3] In fact, the docket of this matter clearly demonstrates that not only did Plaintiff never attempt to serve Christina with his Complaint within the permissible service period under Fed. R. Civ. P. 4(m), he did not even have a summons issued until well after the expiration of the permitted service period.

---

[1] There is no evidence that any summons was ever issued in the Eighth Judicial District Court for either Christina or Defendant Giwargis.

[2] This Motion is independent from the statutory Special Motion to Dismiss that was filed on anti-SLAPP grounds. See, ECF No. 5.

[3] As explained in separate briefing, Christina's removal was appropriate under governing law. See, e.g., ECF Nos. 1 and 9.

- 2 -

While Plaintiff will likely try to argue that the COVID-19 pandemic should excuse his failure to timely serve Christina, or alternatively, his failure to timely seek an extension of time to serve her, a cursory review of the docket in this matter will clearly set forth that Plaintiff cannot establish good cause for his failures in this matter. Instead of diligently attempting to serve Christina, the docket of this matter illustrates that Plaintiff made a conscious decision to dedicate his efforts to filing vile and irrelevant pleadings with this Court to try and embarrass Christina, which were twice sealed on an emergency basis.

Notably, at no time during the Fed. R. Civ. P. 4(m) service period did Plaintiff have a summons issued for either Christina or Defendant Giwargis. Issuance of a summons is a prerequisite to having a party served. As such, failing to have a summons issued for 116 days following the filing of Plaintiff's Complaint is undisputable evidence that Plaintiff had no intention of actually serving Christina during the service period.

Moreover, at no time during the requisite service period did Plaintiff request that either Christina, or her counsel accept service of Plaintiff's Complaint. Christina is a Las Vegas resident and practicing attorney that has been in plain view since the commencement of this action. Furthermore, despite the fact that Plaintiff filed numerous pleadings with this Court since April 9, 2020, at no time during the service period did Plaintiff file a motion with this Court seeking to extend the time to serve Christina or Defendant Giwargis because of any alleged service issues.

The only logical explanation for Plaintiff's repeated and multiple failures relating to service of process is that Plaintiff's real motivation in filing his Complaint was to lash out at Christina and embarrass her in the legal community, attempt to interfere with her employment, and to file/distribute salacious pleadings and allegations that were ultimately sealed. Using this Court to try to achieve such an objective should not be condoned, let alone rewarded. For the reasons outlined above and

below, Christina requests that this Court dismiss Plaintiff's Complaint for failing to effect service of process upon Christina within the time allowed under Fed. R. Civ. P. 4(m).

## I.

## RELEVANT FACTUAL/PROCEDURAL HISTORY

On March 27, 2020, Plaintiff filed his Complaint in this matter in the Eighth Judicial District Court of Nevada against Christina, his former fiancée, and Defendant Ramona Giwargis, a former reporter for the Las Review Journal. The essence of Plaintiff's Complaint is that Defendants' alleged dissemination of certain written provisions of a "sex contract" that Plaintiff drafted and freely distributed to Christina defamed and portrayed him in a false light.

On the same day that Plaintiff filed his Complaint, he also filed his Initial Appearance Fee Disclosure and Demand for Jury Trial. The Eighth Judicial District Court Docket reflects that Plaintiff did not request that the Clerk of the Eighth Judicial District Court issue Summons to Defendants on March 27, 2020, or at any time prior to Christina's removal of this matter to Federal Court on April 9, 2020. See, Ex. A attached hereto (state court docket sheet for which judicial notice is sought).

Removal occurred shortly after Christina learned that open discussions in the community were occurring regarding the instant matter (Plaintiff's Complaint) during proceedings involving a completely unrelated matter and immediately after Christina learned that Plaintiff's Complaint was reportedly circulating on a legal organization's list-serve.[4]

On April 9, 2020, Christina filed her Notice of Removal from the Eighth Judicial District Court of Nevada to the United States District Court of Nevada. ECF No. 1. At the time of

---

[4] Defendant Mamer's counsel served document preservation correspondence upon the organization to ensure the names of the participants and their corresponding I.P. addresses were preserved.

Christina's Notice of Removal, neither she nor Defendant Giwargis had been served with Plaintiff's Complaint or the Summons and Complaint. Plaintiff confirms this fact in his Objection to Notice of Removal and Motion for Remand ("Objection). See ECF No. 7 at 2:1-3 ("…Plaintiff has not yet made attempts to effectuate service against either named Defendant[sic.]")

After removal and on or about April 30, 2020, Christina (through her attorneys) filed a special Motion to Dismiss pursuant to NRS 41.660, otherwise known as Nevada's "anti-SLAPP" statute, and applicable case law. ECF No. 5.

On May 14, 2020, Plaintiff filed his Opposition to Christina's special Motion to Dismiss [ECF No. 10], which this Court immediately sealed on an emergency basis due to the fact that it was riddled with immaterial, irrelevant, and improper statements discussing Christina's alleged sexual history and propensities.

## II.

### PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILING TO COMPLY WITH FED. R. CIV. P. 4(m)

After removal of a case from state court to federal district court, a plaintiff must comply with the federal procedural rule dealing with service of process as to any defendant not served before removal. Bruley v. Lincoln Property Co., N.C., Inc., 140 F.R.D. 452 (D. Colo. 1991). Pursuant to Fed. R. Civ. P. 4(m), a defendant must be served within 90 days after the complaint is filed. In cases such as the instant matter, the 90-day period starts to run on the day the case is removed to federal court. Id. Christina removed this action to federal court on April 9, 2020. At the time Christina removed this action, neither she nor Defendant Giwargis had been served. Based upon the date of removal, Plaintiff had until July 8, 2020 to serve Christina or Defendant Giwargis, or seek an extension of time to effectuate service.

At no time during the Fed. R. Civ. P. 4(m) service period did Plaintiff have a summons issued for either Christina or Defendant Giwargis.[5] Issuance of a summons is a prerequisite to having a party served. As such, failing to have a summons issued for 116 days following the filing of Plaintiff's Complaint is undisputable evidence that Plaintiff had no intention of actually serving Christina during the service period. Instead, the objective conclusion to be reached is that Plaintiff waited to file a scandalous pleading with the state court on the eve of a statute of limitation deadline to try to punish and embarrass Christina. Plaintiff's actions related to service of process, or lack thereof, demonstrate Plaintiff's conscious decision to never attempt service of process upon Christina or Defendant Giwargis within the service period provided under Fed. R. Civ. P. 4(m), despite the fact that Plaintiff was actively litigating this matter during the COVID-19 pandemic. Plaintiff should not be rewarded for his misguided and willful decision to not serve Christina, or timely seek an extension of the service period.

## CONCLUSION

For the reasons stated herein, aside from ordering dismissal pursuant to Christina's Special anti-SLAPP Motion to Dismiss, Defendant respectfully requests this Court enter an dismissing

///

///

///

///

---

[5] Plaintiff filed his Complaint in the Eighth Judicial District Court on March 27, 2020. Christina removed this matter to federal district court on April 9, 2020. As such, pursuant to Fed. R. Civ. P. 4(m), Plaintiff had until July 8, 2020 to serve Christina and Defendant Giwargis. As discussed herein, no summons were ever issued in the Eighth Judicial District Court for either Christina or Defendant Giwargis. Plaintiff did not have a summons issued for Christina until July 21, 2020, which was after the deadline to effectuate service.

- 6 -

1 | Plaintiff's Complaint pursuant to Fed. R. Civ. P. 4(m) as Plaintiff failed to serve Christina in the

2 | period prescribed by Fed. R. Civ. P. 4(m), nor can he establish good cause for his failure to do so.

3 | Dated this 22nd day of July, 2020.

SANTORO WHITMIRE

*/s/ James E. Whitmire*
JAMES E. WHITMIRE, ESQ.
Nevada Bar No. 6533
SANTORO WHITMIRE
10100 W. Charleston Blvd., Suite 250
Las Vegas, Nevada 89135
*Attorney for Defendant Christina Mamer*

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of July, 2020, I electronically filed the foregoing: **DEFENDANT CHRISTINA MAMER'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**, with the clerk of the Court, and served the following parties using the CM/ECF System:

Joshua Tomsheck, Esq.
HOFLAND & TOMSHECK
228 South 4th Street, 1st Floor
Las Vegas, Nevada 89101
JoshT@hoflandlaw.com

*Attorneys for Plaintiff*

/s/ *James E. Whitmire*
An employee of Santoro Whitmire

**INDEX OF EXHIBITS TO DEFENDANT CHRISTINA MAMER'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO TIMELY SERVE PROCESS**

| EXHIBIT NO. | EXHIBIT DESCRIPTION | BATES RANGE |
|---|---|---|
| A | EJDC Register of Actions Docket Sheet for Case No. A-20-812910-C | 001 |

# EXHIBIT A

EJDC Register of Actions Docket Sheet for Case No. A-20-812910-C

# EXHIBIT A

Skip to Main Content  Logout  My Account  Search Menu  New District Civil/Criminal Search  Refine Search  Back   Location : District Court Civil/Criminal   Help

# REGISTER OF ACTIONS
## CASE NO. A-20-812910-C

| | | |
|---|---|---|
| Benjamin Sparks, Plaintiff(s) vs. Christina Mamer, Defendant(s) | § § § § § § | Case Type: **Other Tort**<br>Date Filed: **03/27/2020**<br>Location: **Department 32**<br>Cross-Reference Case Number: **A812910** |

### PARTY INFORMATION

|  |  | Lead Attorneys |
|---|---|---|
| **Defendant** | Giwargis, Ramona | |
| **Defendant** | Mamer, Christina | James E. Whitmire III<br>*Retained*<br>702-948-8771(W) |
| **Plaintiff** | Sparks, Benjamin | Joshua L. Tomsheck<br>*Retained*<br>702-895-6760(W) |

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

03/27/2020 **Initial Appearance Fee Disclosure**
*Initial Appearance Fee Disclosure (NRS Chapter 19)*
03/27/2020 **Demand for Jury Trial**
*Plaintiff's Demand for Jury Trial*
03/27/2020 **Complaint**
*Complaint*
04/10/2020 **Notice**
*Notice of Notice of Removal of Action to Federal Court*

### FINANCIAL INFORMATION

| | | | |
|---|---|---|---|
| **Plaintiff** Sparks, Benjamin | | | |
| Total Financial Assessment | | | 270.00 |
| Total Payments and Credits | | | 270.00 |
| **Balance Due as of 07/22/2020** | | | **0.00** |
| 03/27/2020 Transaction Assessment | | | 270.00 |
| 03/27/2020 Efile Payment | Receipt # 2020-17965-CCCLK | Sparks, Benjamin | (270.00) |

001