**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

***

BENJAMIN SPARKS,

               Plaintiff,

vs.

CHRISTINA MAMER, *et al.*,

               Defendant.

2:20-cv-00661-KJD-VCF

**ORDER**

First Motion for Leave to File Amended
Complaint [ECF No. 22]; First Motion to Extend
Time for Service [ECF No. 23]

       Before the Court are plaintiff Benjamin Sparks's first motion for leave to file an amended complaint (ECF No. 22) and first motion to extend time for service (ECF No. 23). The Court denies the motion for leave to file an amended complaint without prejudice (ECF No. 22) and grants the motion for an extension of time to serve the defendants in part (ECF No. 23).

I.      **Background**

       Plaintiff Benjamin Sparks brings claims against defendants, Christina Mamer and Ramona Giwargis, for defamation/defamation per se, false light, and for injunctive relief regarding articles about him published in the Las Vegas Review Journal and other news outlets. (ECF No. 1-2). Defendant Mamer removed this case to federal court (ECF No. 4) and filed a special motion to dismiss pursuant to NRS 41.660, Nevada's anti-slapp[1] statute, which provides for early dismissal of meritless cases aimed at chilling expression protected by the First Amendment. (ECF No. 5).  Sparks filed a motion to remand (ECF No. 7) and Mamer filed a motion to dismiss for failure to timely serve process (ECF No. 21). These three motions are pending before the Court.

---

[1] "SLAPP" is an acronym for, "strategic lawsuits against public participation."

1

The plaintiff argues in his motion for leave to file an amended complaint that his proposed amendment will not prejudice either of the defendants because he wants to amend to remove defendant Giwargis, the journalist at the Las Vegas Review Journal who wrote one of the articles in question. (ECF No. 22 at 8). Defendant Mamer argues in response that she will be prejudiced because her anti-slapp motion is fully briefed and the purpose of the anti-slapp statute, which allows for early dismissal of meritless claims, would not be served if the Court allows plaintiff to amend his complaint. (ECF No. 28 at 4). Plaintiff did not file a reply and the time to do so has passed.

Plaintiff argues in his motion to extend time to serve the summons and complaint that personal service of process has been delayed due to the health risks posed by COVID-19. (ECF No. 23 at 6). Plaintiff argues in the alternative that defendant waived service when she removed this case and filed her anti-slapp motion. (*Id.*)  Defendant Mamer argues in her response that Sparks has not been diligent because he has not attempted to personally serve her. (ECF No. 29 at 5). Plaintiff argues in his reply that (1) Mamer is aware of the lawsuit, (2) that he attempted to serve her at her office, but it is closed due to COVID-19, and (3) that she is now actively avoiding personal service. (ECF No. 31 at 2).

## II.   Discussion

### a.   Motion for Leave to Amend

The Ninth Circuit has routinely held that defendants are entitled to the substantive protections advanced by anti-slapp statutes and may bring anti-slapp motions in federal court.  See *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1110 (9th Cir. 2003), citing to *United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 970-973 (9th Cir. 1999) (holding that Rules 8, 12, and 56 are, "not intended to "occupy the field" with respect to pretrial procedures aimed at weeding out meritless claims" and that anti-slapp statutes are, "crafted to serve an interest not directly addressed by the Federal Rules: the protection of "the constitutional rights of freedom of speech and petition for redress of grievances."). Whether certain provisions of anti-slapp statutes are procedural and conflict

with the Federal Rules of Civil Procedure has been "hotly disputed." *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 833 (9th Cir. 2018). If an anti-SLAPP motion in federal court is based on "purely legal arguments, then the analysis is made under [Rule] 8 and 12 standards," in which case the liberal amendment standards of Rule 15(a)(2) apply. *Id.* at 833; see also *Verizon Delaware, Inc. v. Covad Commc'ns Co*., 377 F.3d 1081, 1091 (9th Cir. 2004) ("[G]ranting a defendant's anti-SLAPP motion to strike a plaintiff's initial complaint without granting the plaintiff leave to amend would directly collide with Fed. R. Civ. P. 15(a)'s policy favoring liberal amendment.").

If, however, the anti-slapp motion raises a factual challenge, "then the [anti-slapp] motion must be treated as though it were a motion for summary judgment," *Planned Parenthood*, 890 F.3d at 833, the value of which is "dissipated" by permitting free amendment because it could be unfair, "if a party were free to rely on one theory in an attempt to defeat a motion for summary judgment and then, should that theory prove unsound, [amend and] fight on the basis of some other theory." See *Nguyen v. United States*, 792 F.2d 1500, 1503 (9th Cir. 1986) (internal citations omitted); see also C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2712 (2d ed. 1983). ("[A] court ordinarily will be reluctant to allow leave to amend to a party against whom summary judgment has been entered…); see also *Todd v. Lovecruft*, 2020 U.S. Dist. LEXIS 2309, 73 (N.D. Cal. January 6, 2020)(Granting anti-slapp motion in part and striking portions of complaint with prejudice, holding that, "*Verizon* does not mandate a different result [regarding striking claims with prejudice because] *Verizon* was decided before *Planned Parenthood* and did not consider the dual framework laid out by that opinion.")

"Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

Mamer's anti-slapp motion is fully briefed and pending before the Court. Without analyzing the merits of the pending anti-slapp motion, the Court finds that Mamer might be prejudiced by Sparks's

proposed amendment if the Court determines that Mamer's anti-slapp motion raises a factual challenge and treats it as a motion for summary judgment. For example, the Court might need to consider the facts that Sparks included journalist Giwargis as a defendant and seeks injunctive relief regarding the Las Vegas Review Journal article to determine whether (1) Sparks's complaint is a strategic lawsuit against public participation and (2) whether any claims against Mamer should be dismissed with prejudice, as analyzed under the dual framework of *Planned Parenthood.* Sparks will not be prejudiced because he may refile his motion for leave to amend if his complaint survives Mamer's anti-slapp motion.

### b.  Motion to Extend Time

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc*., 840 F.2d 685, 686 (9th Cir. 1988). Although Rule 4 is flexible, "without substantial compliance with rule 4 neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction." *Id*. Rule 4 states that "the plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)[ ]." Rule 4 states that the only penalty a defendant may suffer for insisting on formal service is an assessment against it of the costs of service. District courts retain broad discretion to permit service-of-process extensions under Rule 4(m). See *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003). "Nothing in Rule 4 obliges a defendant to execute a waiver of service." *Troxell*, 160 F.3d at 383. A defendant, "that wants to stand on formalities, for whatever reason, is entitled to do so, as long as it is willing to pay for the privilege." *Id.*

The defendant's motion to dismiss for insufficient service of process is pending before the Court, and the Court will not analyze defendant's Rule 12 motion or plaintiff's argument that Mamer waived service by removing this case to federal court or filing an anti-slapp motion at this time. Regarding formal service of process, plaintiff brought this case and it is plaintiff's responsibility to serve the defendant. The defendant is not required to agree to waive service of process and declining to waive

service is not evasion. The defendant is entitled to formal service of process under the rules. The Court exercises its discretion to extend service under Rule 4(m) given that the plaintiff claims the COVID-19 pandemic is part of the reason why there has been a delay. Allowing the plaintiff another extension of time saves judicial resources because it allows the plaintiff to pursue the instant action.

Accordingly,

IT IS ORDERED that plaintiff Benjamin Sparks's first motion for leave to file an amended complaint (ECF No. 22) is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that plaintiff's motion to extend time to serve the defendants (ECF No. 23) is GRANTED IN PART: the time for plaintiff to properly serve the defendants with a summons and a copy of the complaint is extended to Monday, November 30, 2020.

IT IS SO ORDERED.

DATED this 27th day of August 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE