UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BENJAMIN SPARKS, an individual, | Case No. 2:20-cv-00661-KJD-VCF |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| CHRISTINA MAMER, an individual; and RAMONA GIWARGIS, an individual, | |
| Defendants. | |

Before the Court is Defendant's Motion to Dismiss (#21). Plaintiff responded in opposition (#27) and Defendant replied (#30).

I.   Procedural and Factual Background

Plaintiff Benjamin Sparks ("Sparks") brought this defamation action against Defendant Christina Mamer ("Mamer") for comments she made regarding their romantic relationship. (#1-2). Mamer removed the action to federal court and filed her first motion to dismiss prior to being served. (#1/4). Multiple motions followed, including a motion to remand, motions to seal, and motions to amend. Mamer then filed this motion to dismiss for lack of sufficient service more than three months after removing the case to federal court and filing her initial motion to dismiss. (#5/21).

The insufficient service issue appeared to come to light when Sparks attempted to serve Mamer's attorney with an amended complaint that removed Defendant Ramona Giwargis from the action. (#27, at 2). Council for both parties discussed the service issue before Sparks hired private investigators and process servers. Id. at 5–6. They went to Mamer's office and residence but were unable to make contact with her and allege Mamer has avoided them as she has been at home but not answered the door, not responded to phone calls, and ignored the business cards

that the process servers left. (#26, at 1–4). Mamer has not officially been served a summons or a copy of the complaint. #21, at 5).

II.     Legal Standard

"Defendants must be served in accordance with Rule 4(d) of the Federal Rules of Civil Procedure, or there is no personal jurisdiction." Jackson v. Hayakawa, 682 F.2d 1344, 1347 (9th Cir. 1982). Whenever "a defendant is not served within 90 days of the complaint is filed, the court . . . must dismiss the action without prejudice against the defendant or order that service be made within a specified time." FED. R. CIV. PRO. 4(m). Defendants "can waive the defect of lack of personal jurisdiction by appearing generally without first challenging the defect in a preliminary motion or in a responsive pleading." Jackson, 682 F.2d at 1347. The Ninth Circuit has found that "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984). "Jurisdiction attaches if a defendant makes a voluntary general appearance such as by filing an answer through an attorney." Jackson, 682 F.2d at 1347. "An appearance ordinarily is an overt act by which the party comes into court and submits to the jurisdiction of the court" and is "an affirmative act involving knowledge and an intention to appear." Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1989) (quoting 28 FED.PROC. (L.Ed.) § 65.137 at 526 (1984)).

III.    Analysis

Sparks argues that Mamer has waived service by participating in the litigation since April and that Mamer is well aware of the complaint. Sparks also alleges that the COVID-19 pandemic, along with Mamer's avoidance tactics, has prevented him from providing sufficient service. Mamer contends she has not avoided service and that she has not waived service because her first motion to dismiss on Anti-SLAPP grounds reserved her right to raise Rule 12 defenses later. While this is a clever attempt to retain Rule 12 defenses until after a motion to dismiss is ruled upon, the Court finds that Mamer has made a general appearance in the action and waived her objection to the lack of service.

The plain language of the rules demonstrates that Mamer has waived her 12(b)(2)–(5)

1    defenses, including insufficient service of process. Mamer did not include the defense in her first
2    responsive pleading. Rule 12(h)(1)(B)(ii) states that a Rule 12(b)(2)–(5) defense is waived if a
3    party fails to "include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1)
4    as a matter of course." Fed. R. Civ. Pro. 12(h)(1)(B)(ii). A responsive pleading "is not solely a
5    motion to dismiss or an answer." Bautista-Perez v. Holder, 681 F.Supp.2d 1083, 1091 (N.D. Cal.
6    2009) (internal citations omitted). Waiver of a defense can be shown "by submission through
7    conduct . . . or by implication from acts acknowledging the court's power to adjudicate." Id.
8    (analyzing improper venue, another 12(b) defense). Additionally, a litigant must "exercise great
9    diligence in challenging personal jurisdiction . . . or service of process. If he wishes to raise
10   [either] of these defenses he must do so at the time he makes his first significant defensive
11   move." Transaero, Inc. v. La Fuerza Aerea Boliviana, 162 F.3d 724, 730 (2d. Cir. 1998) (quoting
12   5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1391
13   (1990)). Mamer has made a significant defensive move without alleging the deficient service.
14     The Court finds that Mamer filed a responsive pleading prior to this motion and waived
15   her insufficient service of process defense. Since Sparks initiated this action in state court,
16   Mamer has removed the case to federal court, filed a motion to dismiss under Anti-SLAPP law,
17   responded to a motion to remand, filed multiple motions to seal, responded to Plaintiff's
18   motions, and now filed this motion to dismiss. Based on Mamer's filings, it is clear she has
19   acknowledged this Court's power to adjudicate and did not exercise great diligence in raising her
20   12(b) defenses. Furthermore, Rule 4 is a flexible rule intended to ensure that parties receive
21   sufficient notice of the complaint. United Food & Commercial Workers Union, 736 F.2d. at
22   1382. Mamer has had sufficient notice of the complaint and the rule should be liberally construed
23   to permit this case to continue on the merits.
24   //
25   //
26   //
27   //
28   //

IV.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (#21) is **DENIED**.

Dated this 9th day of November, 2020.

                                                  Kent J. Dawson
United States District Judge