UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BENJAMIN SPARKS, an individual, | Case No. 2:20-cv-0661-KJD-VCF |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |
| v. | |
| CHRISTINA MAMER, an individual; RAMONA GIWARGIS, an individual, | |
| Defendants. | |

Before the Court is Plaintiff's Motion to Remand to State Court (#7) to which Defendant responds in opposition (#9).

I.   Factual and Procedural History

This case arises from an unconventional relationship between Plaintiff Benjamin Sparks ("Sparks") and Defendant Christina Mamer ("Mamer"). Due to the sealed nature of the case, the facts will not be laid out here. Sparks filed this action against Mamer in Nevada state court on March 27, 2020. (#1-2, at 12). It contained three claims for relief, including defamation per se, false light, and injunctive relief. Id. Mamer filed a notice of removal to this Court on April 9, 2020. (#1, at 3). At the time, Mamer had not been served. Id. at 2. Sparks filed his motion to remand on May 7, 2020. (#7, at 6). The Court ruled on a previous motion to dismiss to clarify questions concerning an order issued by the magistrate judge. (#35). The Court now rules on the issue of remand.

II.   Legal Standard

A defendant may remove a civil action "brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Removal based on diversity jurisdiction requires complete diversity where "the citizenship of each plaintiff is

diverse from the citizenship of each defendant." Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996). The removing party "bears the burden of establishing federal jurisdiction" and "the removal statute is strictly construed against removal jurisdiction." Ethridge v. Harbor House Restaurant, 861 F.2d 1389, 1393 (9th Cir. 1988). "A civil action otherwise removable solely on the basis of jurisdiction under [diversity] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

III.   Analysis

The main issue is whether Mamer, as a citizen of Nevada, is permitted to remove this case, which was originally filed in her forum state. The forum defendant rule does not permit removal to federal court by a defendant who lives in the state in which the action was filed. 28 U.S.C. 1441(b)(2). Under the plain language of the statute "a defendant may not remove a case on diversity grounds if any defendant who is a resident of the forum state has been properly joined and served." Loewen v. McDonnell, 2019 WL 2364413, *7 (N.D. Cal. June 5, 2019). In this case, Mamer was not properly served but removed the case anyway. Therefore, the plain language suggests that Mamer is permitted to remove. Mamer urges the Court to follow the Northern District of California[1] and permit the removal while applying the plain language of the statute. Because remands like these are not subject to appellate review, there is little precedent to bind the Court. See 28 U.S.C. § 1447(d) ("an order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise"). District courts interpret the statute differently.

When interpreting a statute, a court looks "first to the plain language of the statute, construing the provisions of the entire law, including its object and policy, to ascertain the intent of Congress." Zuress v. Donley, 606 F.3d 1249, 1252–53 (9th Cir. 2010). Courts must look beyond the plain language when the literal interpretation "would thwart the purpose of the over-all statutory scheme or lead to an absurd result." Brooks v. Donovan, 699 F.2d 1010, 1011 (9th

---

[1] See Loewen, 2019 WL 2364413 at *7 (finding that "the Northern District of California has consistently held a defendant may remove an action prior to receiving proper service, even when the defendant resides in the state in which the plaintiff filed the state claim").

- 2 -

Cir. 1983) (citations omitted). The court "may not adopt a plain language interpretation of a statutory provision that directly undercuts the clear purpose of the statute." Albertson's, Inc. v. C.I.R, 42 F.3d 537, 545 (9th Cir. 1994). Therefore, an analysis of the clear purpose of the removal statute is warranted.

Gentile v. Biogen Idec, Inc., from the District of Massachusetts provides a thorough analysis of the removal statute's purpose. 934 F.Supp.2d 313 (D. Mass. Feb. 21, 2013). The removal doctrine was enacted into federal court jurisprudence by the Judiciary Act of 1789 and holds its roots in the Federalist Papers. Id. at 319. "Diversity jurisdiction was designed to protect non-forum litigants from possible state court bias in favor of forum-state litigants." Id. This purpose is served:

> by giving a non-forum defendant the ability to seek the protection of the federal court against any perceived local bias in the state court chosen by the plaintiff. But the protection-from-bias rationale behind the removal power evaporates when the defendant seeking removal is a citizen of the forum state. Thus, the forum defendant rule provides some measure of protection for a plaintiff's choice of forum, when the overarching concerns about local bias against the defendant underlying the removal power are not present, by allowing a plaintiff to move for a remand of the case to the state court if he chooses.

Id. The original purpose of avoiding any local bias in state court is eliminated when the defendant, like Mamer, is a citizen of the forum state. The language regarding a defendant who is "properly joined and served" was added to the removal statute in 1948. Id. The Gentile court's review of Supreme Court precedent at that time "suggests the purpose of the 'properly joined and served' language was to prevent plaintiffs from defeating removal through improper joinder of a forum defendant" not to give defendants a loophole to avoid the forum defendant rule. Id. at 319–20. The main purpose of removal is the avoidance of local bias and the "properly joined and served" language does nothing to alter that.

The Court agrees with the Gentile court and with other districts in finding that the removal statute does not permit defendants to avoid the forum defendant rule by initiating removal prior to acceptance of service.[2] The interpretation that Mamer requests would

---

[2] See e.g., Standing v. Watson Pharmaceuticals, 2009 WL 842211, *3 (C.D. Cal. Mar. 26, 2009) (holding that Mamer's proposed interpretation "thwarts the purpose of Section 1441(b) and merely promotes gamesmanship on the part of removing defendants); Ibarra v. Protective Life Ins. Co., 2009 WL 1651292, *3 (D. Ariz. June 12, 2009) (applying

"eviscerate the purpose of the forum defendant rule." Mass. Mut. Life Ins. Co. v. Mozilo, 2012 WL 11047336, *2 (C.D. Cal. June 28, 2012) (citation omitted). By remanding to state court, the Court interprets the statute in favor of remand and without undercutting the clear purpose of the statute, as required.

IV.     Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Remand (#7) is **GRANTED**. The case is remanded to the Eighth Judicial District Court of the State of Nevada. Dated this 20th day of November, 2020.

_____
Kent J. Dawson
United States District Judge

---

the Standing rule and finding it was intended to prevent "gamesmanship by plaintiffs, [and] it is difficult to comprehend why it should be allowed to promote gamesmanship by defendants"); Oxendine v. Merck and Co., Inc., 236 F.Supp.2d 517, 526 (D. Md. 2002) (finding that "removability cannot rationally turn on the timing or sequence of service of process).

- 4 -